IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

WILLIAM CHRISTOPHER DAVIS,     )
                                           )
          Plaintiff,              )    TC-MD 230458N
                                           )
     v.                           )
                                         )
DEPARTMENT OF REVENUE,       )
State of Oregon,                   )
                                         )
          Defendant.       )   **DECISION OF DISMISSAL**

This matter came before the court on Plaintiff's request for waiver or deferral of the court's filing fee.[1]  Plaintiff's request, submitted along with his Complaint, was postmarked November 1, 2023.  Plaintiff's materials state that he is an "adult in custody"[2] and he seeks to file an action against the Oregon Department of Revenue, a public body, so the court reviews Plaintiff's application pursuant to ORS 30.643.

According to ORS 30.643(5), the court may, on its own motion, review the pleadings at the time a request for waiver or deferral of filing fees is made; the court elects to exercise that authority here.  "If the court finds that the pleadings fail to state a claim for which relief may be granted, the court may decline to waive or defer filing fees or court costs."  *Id.*[3]  Plaintiff's Complaint alleges that he was due "economic impact payments" from the Internal Revenue

---

[1] Plaintiff's request is in the form of a letter and lacks essential information, such as a true and correct copy of his trust account statement for the six-month period immediately preceding the complaint and a declaration sworn under penalty of perjury.  Or Laws 2022, ch 68, § 3.

[2] *See* Oregon Revised Statutes (ORS) 30.642(2).  Unless otherwise noted, the court's references to the ORS are to the 2021 edition.

[3] ORS 30.643(5) goes on to provide "[t]he court shall enter a denial of waiver or deferral of fees and costs under this subsection as a limited judgment." The Magistrate Division of the Oregon Tax Court does not issue appealable limited judgments; the analogous procedure for the court is an appealable decision.  *See generally,* ORS 305.501(5)-(7).

Service (IRS) but those payments were wrongfully deposited in a bank account, possibly due to identify theft. In support of those allegations, Plaintiff attached several notices and letters from the IRS. Other than naming the Oregon Department of Revenue as the defendant, Plaintiff's Complaint makes no allegations against the named defendant and does not include any notices or letters from the Oregon Department of Revenue. *See* ORS 305.275(1)(a) (to appeal to the Oregon Tax Court, a person must be "aggrieved by and affected by an act, omission, order or determination" of one of several enumerated entities, including the Department of Revenue).

The Oregon Tax Court has jurisdiction over "all questions of law and fact arising under the tax laws *of this state.*" ORS 305.410(1) (emphasis added). Plaintiff's Complaint challenges actions taken by a *federal* agency, namely the IRS. Thus, the claims made in Plaintiff's Complaint lie outside of this court's jurisdiction. *See also* ORS 305.275(1)(a) (IRS is not listed). The court concludes that Plaintiff's Complaint fails to state a claim for which relief may be granted by this court. Allowing a plaintiff leave to amend is not warranted for claims beyond the court's jurisdiction. *Eklof v. Persson*, 369 Or 531, 544, 508 P3d 468 (2022). Plaintiff's fee waiver request must be denied, and his Complaint should be dismissed. Now, therefore,

IT IS DECIDED that Plaintiff's request for a fee waiver is denied because Plaintiff's Complaint failed to state a claim for which relief may be granted.

IT IS FURTHER DECIDED that Plaintiff's Complaint is dismissed.

Dated this _____ day of December 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on December 6, 2023.*